# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**JAMIE BURCHAM,**
**Claimant Below, Petitioner**

**FILED**

February 3, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No. 16-0189** (BOR Appeal No. 2050456)
                    (Claim No. 2014019314)

**CITY OF HUNTINGTON,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner Jamie Burcham, by Patrick K. Maroney, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. City of Huntington, by Scott K. Sheets, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 3, 2016, in which the Board affirmed an April 17, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's July 8, 2014, decision which closed the claim for temporary total disability benefits. In its Order, the Office of Judges also affirmed the claims administrator's September 4, 2014, decision denying a request for the medications Relafen and Flector Patches as well as physical therapy. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Burcham, a firefighter, was injured on December 19, 2013, while carrying a patient on a cot. His claim was closed for temporary total disability benefits on July 8, 2014. On September 4, 2014, the claims administrator denied a request for the medications Relafen and Flector Patches as well as physical therapy.

1

Mr. Burcham submitted his December 15, 2014, deposition testimony in support of his protests. He testified that he sought treatment for the compensable injury on December 26, 2013, where he was given medication. He saw Allen Young, M.D., in the beginning of January of 2014, who took him off of work. He asserted that Dr. Young referred him to Ohio University, and a physician there recommended pool therapy. Mr. Burcham testified that he has not been released to return to work by any physician. He stated he still has severe pain in his back and testicles as well as numbness and tingling down his right leg to his foot. Mr. Burcham stated that he was examined by Prasadarao Mukkamala, M.D., who recommended physical therapy, but the therapy was discontinued due to increased pain.

The Office of Judges affirmed the claims administrator's decisions on April 17, 2015. It found that Mr. Burcham submitted no medical evidence in support of his protests. The only evidence he submitted was his own deposition testimony, which is not sufficient to demonstrate error for the closure of the claim or denial of the requested medical benefits. The Board of Review affirmed the Order in its February 3, 2016, decision.

After review, we agree with the reasoning and conclusions of the Office of Judges as adopted by the Board of Review. Mr. Burcham submitted no medical evidence to support his claim. The only evidence he submitted was his own deposition testimony, which does not meet his burden of proof.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: February 3, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

2